IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **INKIT, INC.** | ) | |
| | ) | |
|     **Plaintiff,** | ) | C.A. NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **AIRSLATE, INC.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
|     **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Inkit, Inc. (hereafter, "Inkit" or "Plaintiff"), for its complaint alleges as follows:

### NATURE OF ACTION

1. This is an action for unfair competition and false designation of origin in violation of § 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(a); trademark infringement in violation of § 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1114(1); violation of the Delaware Deceptive Trade Practices Act ("DTPA"), 6 *Del. C.* § 2532; dilution under the Delaware Trademark Act, 6 *Del. C.* § 3313; and related claims for trademark infringement and unfair competition under common law.

### THE PARTIES

2. Inkit is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 919 N Market Street #725, Wilmington, Delaware 19801.

3. Upon information and belief, airSlate, Inc. (hereafter "airSlate" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 17 Station St Fl 3, Brookline, Massachusetts 02445.

## JURISDICTION AND VENUE

4.  The Court has original jurisdiction over this subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121.

5.  The Court has supplemental jurisdiction over Plaintiff's state statutory and common law claims pursuant to 28 U.S.C. § 1367.

6.  This Court has personal jurisdiction over Defendant because Defendant is a corporation organized and existing under the laws of the State of Delaware and has, *inter alia*, transacted business within this District and/or committed tortious acts within this District.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the Defendant is a corporation organized and existing under the laws of the State of Delaware in this District and the unlawful acts of Defendant complained of herein have been committed by Defendant within this District and have had or will have had effect in this District.

## FACTUAL BACKGROUND

**I.    Plaintiff and Its Trademark**

8.  Plaintiff is a provider of document generation services, document retention services, electronic document signature services, document management services and document security services (collectively, the "Inkit Services").

9.  Plaintiff operates a website hosted at www.inkit.com ("Inkit Website") from which Plaintiff advertises and offers the Inkit Services.

10. Since at least April of 2016, the Inkit Website and the Inkit Services have been continuously promoted under the mark INKIT.

11. As a result of the substantial use of the INKIT mark in connection with the Inkit Website and the Inkit Services, consumers have come to recognize the INKIT mark and associate

the mark exclusively with the Inkit Website, the Inkit Services and Plaintiff. All right, title and interest in and to the INKIT mark for use in connection with the Inkit Services are owned exclusively by Plaintiff.

12. The distinctiveness of the INKIT mark has been recognized by the U.S. Patent & Trademark Office, which on May 1, 2018, issued U.S. Trademark Registration No. 5,456,186 ("the '186 Registration") for the mark INKIT for collection or analysis of metric data related to the use of direct marketing, direct mail, print, electronic mail, short message service ("SMS"), social media, billboards, signs, computers, or other mediums; technology marketing service using direct mail, print, email, SMS, social media, billboards, signs, or other mobile, web, virtual, or analog channels, namely for collection or analysis related to these services, for the conduct of marketing through specific actions, events, or rules, or through artificial intelligence or computer programs; providing users online non-downloadable software for marketing through web, mobile, virtual, computer, or analog channels, namely direct mail, email, print, SMS, social media, mobile, radio, web file uploading, virtual reality, billboards, signs, or online template design (collectively, "Marketing Mediums") such that the materials can be transmitted for electronic advertising or physically displayed, printed, and/or mailed, or for providing data, metrics, or analytics, namely, providing data, metrics, analytics, or other related performance indicators, related to the use of marketing using Marketing Mediums; computer services, namely, remote management of electronic messaging, Marketing Mediums, or mailing systems; computer services, namely, remote management of electronic messaging, Marketing Mediums, or mailing systems for users that allows users of mobile phones, portable media players, computers, virtual reality devices, and related devices to communicate, market, or advertise to each other; providing temporary use of web-based messaging or mailing software applications that allows users of mobile phones,

portable media players, computers, virtual reality devices, and related devices to send data; providing temporary use of a web-based software application for designing Marketing Mediums; providing temporary use of a web-based software application for sending or transmitting Marketing Mediums; providing temporary use of a web-based software application for printing Marketing Mediums; providing temporary use of a web-based software application for marketing using Marketing Mediums; providing software to integrate company lists, triggers, or automations to send Marketing Mediums after a specified programmed action, event, or rule, or creation through artificial intelligence or computer programs; providing temporary use of a web-based software application for providing marketing using Marketing Mediums.  Plaintiff is the sole and exclusive owner of all right, title and interest in and to the '186 Registration.

13.     The '186 Registration is valid and subsisting in law, was duly and legally issued, is prima facie evidence of the validity of the INKIT mark registered, and constitutes constructive notice of Plaintiff's ownership of the INKIT mark in accordance with Sections 7(b) and 22 of the Federal Lanham Act, l5 U.S.C. §§ 1115(a), 1057(b), and 1072.

## II.     Defendant and Its Wrongful Conduct

14.     Defendant is a provider of document authentication services, electronic document signature services, document storage services, document sharing services, document generation services, document management services and document security services (collectively, the "signNow Services").

15.     Defendant operates a website hosted at www.signnow.com ("signNow Website") from which Defendant advertises and offers the signNow Services.

16. Plaintiff recently learned that Defendant is using an advertising platform that allows Defendant to display ads (the "signNow Ads") in Google® internet search engine results when Plaintiff's INKIT mark is the subject of a search.

17. One version of the signNow Ads includes a hyperlink to the signNow Website and Plaintiff's INKIT mark displayed in the text of the hyperlink, an example of which is provided below:



18. Another version of the signNow Ads includes a hyperlink to the signNow Website and Plaintiff's name "Inkit Inc" displayed in the text of the hyperlink, an example of which is provided below:



19.     Defendant is not now and has never been authorized or licensed in any way by Plaintiff to use, display or exploit the INKIT Mark or the "Inkit Inc" name.

20.     Plaintiff and Defendant are direct competitors.

21.     The Inkit Services and the signNow Services are the same or related.

22.     Defendant includes webpages at https://www.signnow.com/alternative/signnow-online-surveys-pricing-vs-inkit-docusign-for-purchasing and https://www.signnow.com/alternative/inkit-alternative-signnow, on the signNow Website, screenshots of which are provided below, where Defendant compares Defendant's signNow Services to Plaintiff's Inkit Services and advertises the SignNow Services as an alternative to the Inkit Services.





23.     Plaintiff's Inkit Services and Defendant's signNow Services are used by the same types or classes of consumers including, for example, individuals and entities doing business in the financial services industry, healthcare and government.

24.     Defendant's use of the INKIT mark in connection with the Google® online advertising platform and Defendant's display of the INKIT mark and the "Inkit Inc" name in the

signNow Ads are intended to mislead consumers who are searching the internet for the Inkit Website and the Inkit Services to mistakenly believe that the hyperlink in the signNow Ads will, when clicked on by consumers, direct consumers to the Inkit Website.

25. Defendant's use of the INKIT mark in connection with the Google® online advertising platform and Defendant's display of the INKIT mark and the "Inkit Inc" name in the signNow Ads are intended to mislead consumers who are searching the internet for the Inkit Website and the Inkit Services to mistakenly believe that the SignNow Ads are associated with, endorsed by or created by or on behalf of Plaintiff.

26. Defendant's use of the INKIT mark in connection with the Google® online advertising platform and Defendant's display of the INKIT mark and the "Inkit Inc" name in the signNow Ads are intended to mislead consumers who are searching the internet for the Inkit Website and the Inkit Services to mistakenly believe that Defendant and the signNow Services are affiliated with or endorsed by Plaintiff.

27. Defendant's use of the INKIT mark in connection with the Google® online advertising platform and Defendant's display of the INKIT mark and the "Inkit Inc" name in the signNow Ads are intended to deceive and steal Plaintiff's customers, create confusion in the marketplace, diminish the value of the INKIT mark and the "Inkit Inc" name and damage Plaintiff, all for the benefit of Defendant.

**COUNT I**
**(UNFAIR COMPETITION, FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING DESCRIPTIONS AND REPRESENTATIONS)**

28. Plaintiff realleges all previous paragraphs of this Complaint as if fully set forth herein.

29. Defendant's use of the INKIT Mark and the "Inkit Inc" name constitutes unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125(a). Defendant's use of the INKIT Mark and the "Inkit Inc." name is causing and likely to cause confusion, mistake, and deception among consumers. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff.

30. Plaintiff is informed and believes that Defendant's actions are undertaken for the willful and calculated purpose of destroying Plaintiff's goodwill in the INKIT mark, the "Inkit Inc" name and the Inkit Services and for the willful and calculated purpose of misleading and deceiving consumers as to the affiliation of Plaintiff with Defendant.

31. The activities of Defendant have caused and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

32. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive Defendant's profits pursuant to 15 U.S.C. § 1117(a).

33. Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

## COUNT II
### (FEDERAL TRADEMARK INFRINGEMENT)

34. Plaintiff realleges all previous paragraphs of this Complaint as if fully set forth herein.

35. Defendant's use of the INKIT mark comprises an infringement of Plaintiff's registered trademark as set forth in the '186 Registration and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Defendant's services.

36. Plaintiff is informed and believes that Defendant's actions are undertaken for the willful and calculated purpose of destroying Plaintiff's goodwill in its INKIT mark and the Inkit Services and for the willful and calculated purpose of misleading and deceiving consumers and to steal Plaintiff's customers.

37. By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

38. The activities of Defendant have caused and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

39. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## COUNT III
## (COMMON LAW TRADEMARK INFRINGEMENT)

40. Plaintiff realleges all previous paragraphs of this Complaint as if fully set forth herein.

41. Plaintiff, by virtue of its prior adoption and use of the INKIT mark in interstate commerce, has acquired, established and owns valuable common law rights in the mark, which serve to identify the goods and services offered by Plaintiff.

42. Defendant has used a colorable imitation of the INKIT mark, without authorization, in commerce in connection with the advertising or promotion of Defendant's signNow Services, and such use is likely to cause confusion, mistake, or deception as to the true source or sponsorship of such services.

43. Defendant's conduct constitutes trademark infringement in violation of the common law of the State of Delaware.

44. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered actual and irreparable injury for which no adequate remedy exists at law.

45. Defendant's wrongful conduct will continue to cause such injury unless enjoined by this Court.

## COUNT IV
## (UNFAIR COMPETITION)

46. Plaintiff realleges all previous paragraphs of this Complaint as if fully set forth herein.

47. Defendant, by its conduct described above, is using in commerce in Delaware a colorable imitation of Plaintiff's INKIT mark in connection with advertising, sale, offering for sale and distribution of Defendant's signNow Services. Defendant's use of this infringing mark constitutes passing off, infringement and misappropriation of Plaintiff's INKIT mark, all in violation of the law of unfair competition.

## COUNT V
## (DECEPTIVE TRADE PRACTICES)

48. Plaintiff realleges all previous paragraphs of this Complaint as if fully set forth herein.

49. Defendant, by its conduct described above, is using in commerce in Delaware a colorable imitation of Plaintiff's INKIT mark in connection with advertising, sale, offering for sale and distribution of Defendant's signNow Services. Defendant's use of this infringing mark constitutes passing off, infringement, unfair competition and misappropriation of Plaintiff's INKIT mark, all in violation of the DTPA, 6 *Del. C.* § 2532.

50. The activities of Defendant have caused and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 6 *Del. C.* § 2533(a).

51. By reason of the foregoing acts Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 6 *Del. C.* § 2533(b).

## COUNT VI
## (DILUTION UNDER THE DELAWARE TRADEMARK ACT)

52. Plaintiff realleges all previous paragraphs of this Complaint as if fully set forth herein.

53. Defendant, by its conduct described above, has caused dilution of the distinctive quality Plaintiff's INKIT mark in violation of the Delaware Trademark Act, 6 *Del. C.* § 3313.

54. The activities of Defendant have caused and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 6 *Del. C.* § 3313.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that:

1. The Court enter a judgment that the INKIT mark is valid and enforceable, and that Defendant, as a result of its unauthorized use of the INKIT Mark and the "Inkit Inc." name, has:

    a. infringed Plaintiff's rights in the INKIT mark in violation of Federal Lanham Act, 15 U.S.C. § 1114(1) and the common law of the State of Delaware; and

    b. engaged in unfair competition with Plaintiff in violation of the Federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A), the common law of the State of Delaware and the DTPA, 6 *Del. C.* § 2532;

      c.      diluted the distinctive quality of Plaintiff's INKIT mark in violation of the Delaware Trademark Act, 6 *Del. C.* § 3313; and

2.      Defendant and its agents, officers, suppliers, distributors, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, and each of them, be temporarily and permanently enjoined from:

      a.      using Plaintiff's INKIT mark or any colorable imitation thereof;

      b.      using Plaintiff's name "Inkit Inc.";

      c.      using any trademark that imitates or is confusingly similar to or in any way similar to said trademark and said name, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Defendant's goods or services or their connectedness to Plaintiff; and

      d.      passing off or inducing or enabling others to sell or pass off any goods or services that are not authorized by Plaintiff as goods or services sponsored or endorsed by, associated or affiliated with Plaintiff;

3.      A judgment that, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein and that such damages be trebled;

4.      Pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to Plaintiff for any and all profits derived by them from its illegal acts complained of herein;

5.      Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to

infringe Plaintiff's trademark rights, as well as all plates, matrices, and other means of making the same;

6. Defendant be ordered to submit a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, as provided by Section 34(a) of the Lanham Act;

7. Defendant be ordered to pay an award of damages in an amount to be determined at trial, plus pre- and post- judgment interest;

8. Defendant be ordered to pay an award of punitive damages as allowable under the law;

9. The Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and 6 *Del. C.* § 2533(b);

10. The Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and

11. The Court grant Plaintiff such and other further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues in this case.

DATED this 2nd day of March, 2023.

                                      Respectfully submitted,

                                      */s/ Travis S. Hunter*
                                      Travis S. Hunter (#5350)
                                      Jason J. Rawnsley (#5379)
                                      Puja A. Upadhyay (#7125)
                                      RICHARDS, LAYTON & FINGER, P.A.
                                      920 N. King Street
                                      Wilmington, DE  19801
                                      (302) 651-7700
                                      hunter@rlf.com
                                      rawnsley@rlf.com
                                      upadhyay@rlf.com

                                      *Attorneys for Plaintiff Inkit, Inc.*

OF COUNSEL:

William Bloom (*pro hac vice forthcoming*)
Brandon Browning (*pro hac vice forthcoming*)
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Ste. 1700
Birmingham, Alabama 35203
Telephone: 205.254.1000
wbloom@maynardcooper.com
bbrowning@maynardcooper.com